## Wytheville.

WYNN v. LOUTHAN'S ADM'R & HEIRS.

June 19th, 1890.

MARRIED WOMEN—*Defective deed—Specific performance—Case at bar.*—Where by deed of July 31, 1875, which was defective in execution and acknowledgment, married woman sold and conveyed her maiden land, and after her death, her heirs recovered it in an action wherein the deed was adjudged to be void: *held,* the purchaser cannot compel either specific performance, or a return of the purchase money,.by her heirs.

Appeal from decree of circuit court of Tazewell county, rendered December 1, 1887, in the cause wherein the appellant, W. T. Wynn, for himself and others, was complainant, and Jane Louthan's administrator and heirs, were defendants. Opinion states the case.

*F. S. Blair,* and *S. M. Williams,* for the appellant.

*Henry & Graham,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

On the 31st day of July, 1875, Jane Louthan, a married woman, united with her husband, John Louthan, in the sale, and conveyance by deed of that date, of a tract of land in Tazewell county, Virginia, to William T. Wynn, for the agreed price of $400 00, the receipt of which was acknowledged by the deed; and the purchaser, W. T. Wynn, took possession

of the said land, and held it, uninterruptedly, until November 25th, 1886, when the heirs-at-law of the said Jane Louthan, proceeded, by an action of unlawful detainer, against the said Wynn; and the said deed of July 31st, 1875, from John Louthan and Jane Louthan, his wife, to the said W. T. Wynn, being defective in its execution and acknowledgment, there was a judgment against the said Wynn, and a writ of possession for the land in favor of the heirs-at-law of Jane Louthan; the said Jane Louthan having died in May, 1880, and John Louthan, her husband, died in 1882, leaving no children, but their grand-children as their heirs-at-law, who are the appellees in this case. The bill in this case was filed by appellant, W. T. Wynn, in the circuit court of Tazewell county, against the said heirs-at-law of their grand-mother, the said Jane Louthan, for a specific performance of her contract of sale of the said land on the 31st of July, 1875, to the said W. T. Wynn; and in the alternative, for the repayment to him of the said $400 00, paid by him to the said Jane Louthan.

To this bill the heirs-at-law, defendants, demurred; and the circuit court sustained the demurrer, and dismissed the bill. We are of opinion, that the circuit court did not err in sustaining the demurrer to the bill; and that the bill was properly dismissed. It is a conceded and adjudicated fact in this record, that the deed of July 31st 1875, made by John Louthan and Jane Louthan, his wife, exhibited by the bill, is void and was void, as to Jane Louthan, because of defective execution and acknowledgment. The mode prescribed by statute, whereby married women may part with real estate, or any interest therein, is specific, imperative, and indispensible, allowing of no deviation; and no defective execution of a deed of a *feme covert* can be set up, cured or affected, by a court of equity. *Hairston* v. *Randolph*, 12 Leigh, 445; *Bolling* v. *Teel*, 76 Va., 487; see also, 75 Va., 594; 14 Gratt., 501; 4 Gratt., 414; 83 Va., 589. In the case of *Rorer's Heirs* v. *Roanoke National Bank*, 83 Va., (8 Hansbrough), p. 610, Judge Richardson,

delivering the opinion of this court, says: "By the very terms of this section, (sec. 7, chap. 117, Code 1873), about the meaning of which there can be no two opinions, the deed of a married woman, to be operative and valid for any purpose, must be armed with and have the concurrent sanction of each and every requirement of the statute, or else no title passes thereby. Not only must the deed of a married woman be signed, sealed, and delivered, but it must also be acknowledged, with privy examination and her declaration, all of which must clearly appear and be duly certified, and then be actually admitted to record, as to the husband as well as the wife; and nothing less than the full and complete concurrent testimony of all these statutory requirements, duly certified, will operate to pass her title from her; and this, whether it be her contingent right of dower, or other interest in or title to the property embraced in the deed."

All the authorities cited, and others which might be cited, show the right of the wife, when coverture is ended, or of the heirs after her death, to recover land attempted to be conveyed by the defective deed of the wife.

But the appellant contends, that, although the deed of Jane Louthan of July 31st, 1875, to him, was and is void; yet that the heirs-at-law of Jane Louthan are chargeable with the money which he paid to Jane Louthan; and the alternative prayer of the bill is, that Jane Louthan's grand-children and heirs-at-law shall be decreed to pay to him the said money with interest. The said deed was made July 31st, 1875; at that time the contracts of a married woman were void; and could not be enforced under the common law, or the statute; and she had no power, on the 31st of July, 1875, to charge her land (which had none of the qualities or attributes of separate estate), or to contract as a *feme sole.* The act relating to married women and their contracts, was passed April 4th, 1877, (Acts 1876–77). The covenants of a maried woman were not obligatory on her. Chap. 117, sec. 7, Code of 1873, p. 907.

Jane Louthan, being in July, 1875, a *feme covert*, could not bind herself, or any estate she had, by an express contract looking to that end, because the land which she owned was not a *separate estate* as such; and the said Jane Louthan died, the the wife of John Louthan, under the disability of coverture. *Specific performance* cannot, from the very nature of the law, be decreed against a *feme covert* upon any contract made prior to the married woman's acts; and for this reason cannot be enforced against her heirs and distributees.

If Jane Louthan did in fact (as alleged in the bill,) receive personally the $400 00 paid by appellant, W. T. Wynn, there would be, had she been ever *sui juris*, only an implied promise to refund; an implication which did not, and could not obtain in this case, against a married woman at that time. The whole transaction—contract and purchase money, so far as it affected Jane Louthan or the land—is from the beginning null and void.

The decree appealed from is right, and our judgment is to affirm the same.

DECREE AFFIRMED.