## Wytheville.

THOMAS v. STUART'S EX'OR AND OTHERS.

JULY 18, 1895.

1. CONVEYANCE BY HUSBAND AND WIFE—*Acknowledgment—Error in Recording—How Shown and Corrected.*—A deed duly signed and acknowledged by a husband and wife, and properly certified as to each of them, and delivered to the clerk of the court of the proper county to be admitted to record as to the husband as well as the wife, operates to convey from the wife all her estate of every nature in the property conveyed by such deed, notwithstanding the fact that the clerk, through inadvertence, may have omitted to properly record the acknowledgment. The error in the recordation may be shown by the production of the original deed, with the certificates of acknowledgment thereto attached. The deed being good between the parties, may be again admitted to record on the old acknowledgment, and thus correct the error in the former recordation.

Appeal from a decree of the Circuit Court of Russell county, pronounced November 11, 1893, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

This was a suit in chancery instituted in the Circuit Court of Russell county, by Sarah P. Thomas against William A. Stuart and others. The object of the suit was to have dower assigned to the complainant in certain lands of which her husband, T. P. Thomas, was seised during the coverture; to have certain clouds removed from the title of other lands

claimed by her; and to have an account taken of the rents and profits of said lands.

The land in controversy is a tract of 319 acres, of which the complainant claimed to be the owner of 175 acres, and to be entitled to dower in the residue. She alleged that her husband conveyed the entire tract to W. A. Stuart by deed bearing date March 12, 1875, which was admitted to record February 6, 1875. She admitted that she signed and acknowledged this deed before two justices of the peace, but averred that the certificate of acknowledgment was not sufficient, because it fails to state "that she does not wish to retract it." A *copy* of the deed and certificate of acknowledgment, duly certified by the clerk of the County Court of Russell county, was exhibited with the bill, and shows the omission of the words above mentioned in the certificate of acknowledgment.

The defendants answered the bill and denied that the copy of the deed filed with the bill was a true copy, and filed a copy of the original deed and acknowledgments, then in the possession of the defendant, W. A. Stuart, and also denying that the complainant owned any interest or estate in the lands in controversy. The last mentioned copy shows the certificate of acknowledgment *in due form.* W. A. Stuart having died pending the suit, it was revived against his executor. The executor filed his answer and cross bill, setting up the defence that the original deed was duly executed and acknowledged, that the clerk had made an error in recording the deed, but that the deed had, pending the suit, been again admitted to record and properly recorded. The complainant filed her answer to the cross bill, denying that the recent recordation of said deed a second time could affect her interest in the land. The original deed, with certificates of acknowledgment thereto annexed, in due form, and the clerk's certificate of the two recordations was shown in evidence. Sundry exceptions were filed to the cross bill and to each of said

answers, and were overruled by the court, but they need not be noticed, as the court did not deem them material.

On the hearing, the Circuit Court dismissed the original bill with costs to the defendants therein.

*Fulkerson, Page & Hurt, J. S. Ashworth* and *H. W. Sutherland,* for the appellant.

*Jno. J. Stuart* and *Wm. E. Burns,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The appellant, Sarah P. Thomas, united with her husband on the 12th day of March, 1873, in a deed conveying to William Alexander Stuart a tract of land lying in the county of Russell, containing 319 acres. The grantee and those claiming under him, have owned and possessed the land continuously since that time.

On the first day of June, 1890, appellant filed her bill in the Circuit Court of Russell county, setting forth the death of her husband, and claiming that she was the owner in fee-simple of 175 acres of the said 319-acre tract of land, and that she was entitled to dower rights in the remainder of the said tract; that the deed to Stuart did not convey her interest in the land, because at the time it purported to have been executed and acknowledged, appellant was a married woman, and the certificate of her acknowledgment did not state that she "*did not wish to retract it.*"

Without mentioning the previous pleadings, the points of objection thereto being without merit, it is sufficient to say that the original deed, as executed by the appellant, was produced by W. A. Stuart, her grantee, and one of the defendants to her suit. The original deed, which had been withdrawn from the clerk's office soon after its recordation, when

produced, disclosed the fact that its execution and acknowl-
edgment by appellant, had been in due form of law; the cer-
tificate of acknowledgment being before two justices of the
peace, and in the words of the statute. It was thus made
apparent that the clerk, in transcribing said deed upon the
records of his office, had inadvertently omitted from his re-
cord of the acknowledgment, the words she "*did not wish to
retract it.*" The original deed was again presented to the
clerk of Russell county, and on the 19th day of December,
1891, duly admitted and correctly recorded in said office.
These are the essential facts established by the record.

The contention of counsel for appellant is that notwith-
standing the original certificate was made by the justices in
due form, the same not having been properly recorded,
though delivered to the clerk for admission to record, the deed
is therefore void, and no title has ever passed from the ap-
pellant; that the appellees are bound by the recordation, and
cannot look to the original certificate itself, to show that the
acknowledgment of appellant was taken in due form. This
proposition cannot be maintained, upon reason or authority.

The grantee in this deed did all that he could do, and all
that the law required him to do. He delivered the deed in
proper form, duly and legally acknowledged, to the clerk of
the proper office for recordation. If the original deed is
properly acknowledged, and the certificate shows this, and
the writing, together with said certificate annexed thereto,
was delivered to the clerk to be admitted to record as to the
husband as well as the wife, then her title passes, notwith-
standing the fact that the clerk may have omitted to record
the acknowledgment as certified by the justices.

It would be a strange and unjust doctrine that would im-
pose upon the purchaser a total loss of his property, because
the clerk had made a mistake in transcribing the deed upon the
record; and that, too, in the face of the production of the

original deed, which shows that the copy relied on by the appellant is not in fact the true deed. Whatever loss may have been sustained by the grantee in this case, by the intervention of a subsequent innocent and *bona fide* purchaser, it is certain he can suffer no loss as between himself and his grantor, the appellant here. She is bound by her own deed duly acknowledged and admitted for recordation. The statement of the proposition that the copy of the deed made by the clerk is entitled to higher dignity than the deed itself, is its own answer, without argument or citation of authority. This is equally true of the proposition of appellant that her interest in this land has not passed under this deed, because of the mistake of the clerk, in omitting to transcribe from the certificate of her acknowledgment the words "[she] *did not wish to retract it.*" The original deed is the contract by which the parties thereto must stand or fall. Its recordation is a mere exemplification of the true deed, intended to make a permanent record of the fact, and to give notice to third parties. Its recordation as between the original parties is of no consequence, except in the case of a married woman. And under the Code of 1873, ch. 117, secs. 7 and 8, whenever the deed is duly acknowledged, and delivered for recordation to the proper officer, then it is in law, treated as recorded, so far as the married woman is concerned.

Any mistakes of the clerk in transcribing the deed upon the books of his office cannot operate to reinvest the married woman with the title to that which she had duly parted with according to the terms prescribed by the statute.

If this deed had never been transcribed upon the record book at all, up to this time, as between the parties, it would make no difference. It has, as we have seen, been properly recorded, since the discovery of the clerk's mistake, and hence the entire interest of the appellant passed by the deed, when admitted to record the second time. But, as before stated,

Opinion.

we are of opinion that all interest of appellant in the property passed, when the deed was first deposited, properly acknowledged, with the clerk for recordation. Its delivery to the clerk for that purpose was a compliance with the statute requiring married women's deeds to be recorded, and the clerk's error in transcribing the deed upon the record book did not defeat or divest the title.

There is no error in the decree complained of, and for the foregoing reasons it must be affirmed.

AFFIRMED.