# Richmond.

## TARRANT AND OTHERS v. CORE AND OTHERS.

106    161
106    505

### January 24, 1907.

1. DEEDS—*Married Women—Common Law Lands—Recordation as to Husband and Wife—Lands in Several Counties—Recordation in One.*—In order for the wife to convey her common law lands, as the law stood in 1870, it was necessary not only that the deed should be executed and acknowledged by both husband and wife in the manner required by the statute, but that the deed should be admitted to record as to the husband as well as the wife, but if the deed conveyed land lying in more than one county such admission to record in only one county was sufficient, as between the parties, to convey the land lying in each of the counties.

2. WILLS—*Married Women—Separate Estate Acquired After Date of Will.*—Under a statute allowing a married woman to make a will disposing of her separate estate, a married woman who has no separate estate at the time may make a will disposing of a subsequently acquired separate estate owned by her at the time of her death. The statutes allowing a testator to dispose of any estate to which he may be entitled at his death, although acquired after the execution of his will, and declaring that a will shall be construed, as to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will, apply to such a case. This rule applies to wills made in 1870 when the will under consideration in this case was executed.

Appeal from a decree in chancery of the Court of Law and Chancery of the city of Norfolk. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*White, Tunstall & Willcox,* for the appellants.

*W. W. Old* and *L. L. Lewis,* for the appellees.

BUCHANAN, J., delivered the opinion of the Court.

The questions involved in this case are pure questions of law, as there is no controversy over the facts, which, so far as they are material to the questions raised, are as follows:

In the year 1868 John H. Core, the appellee, married Mrs. Murry, who, at the time of her marriage, was the owner of a common law estate embracing two parcels of land. One parcel was situated in the city of Norfolk and the other in Norfolk county. In the year 1870 Core and wife executed a deed purporting to convey both parcels of land to a trustee. The deed provided that the trustee should permit the wife (Mrs. Core) to occupy, possess and enjoy the property free from any charge or incumbrance of her husband, and should sell or mortgage the same whenever directed so to do by the wife by a writing under her hand and seal, duly acknowledged; and in the event of a sale the proceeds were to be invested in other property, if so directed, to be held upon the same trusts. The deed further provided that if the wife should leave a last will and testament, the said property, or such as might be submitted for it, should pass as directed by the will, but if she died intestate, her husband surviving her, the trustee was required to convey the same to him. The deed was properly acknowledged on the 5th day of October, 1870, and recorded in the clerk's office of the Corporation Court of the city of Norfolk on the 29th day of November following, but was never recorded in Norfolk county. It was, however, admitted to record a second time on the 20th day of June, 1902, in the city of Norfolk, whose corporate limits had at that time been so extended as to embrace the Norfolk county land. Mrs. Core died June 14, 1902, leaving a paper dated October 5, 1870, purporting to be her last will and testament, which was admitted to probate on July 5, 1902, by which she devised the lands embraced in the deed to her husband.

The first question to be considered upon this appeal is whether or not the recordation of the deed in the city of Norfolk operated to invest the trustee with the title to the parcel of land in Norfolk county. If it did not, that parcel of land descended to the heirs of Mrs. Core; if it did, then it passed to her husband by the will of his wife, if its validity is upheld, or by the terms of the deed if the will is held invalid. The question is one of great importance, and of the first impression here.

It is well settled that the deed of a husband and wife must be properly recorded before it will pass the wife's interest in the land conveyed. See *Bank of Harrisonburg* v. *Paul,* 75 Va. 594, 40 Am. Rep. 740; *Rorer's Heirs* v. *Roanoke Nat. Bank,* 83 Va. 589, 4 S. E. 820; *Wynn* v. *Louthan,* 86 Va. 947, 11 S. E. 878; *Thomas* v. *Stuart,* 91 Va. 694, 22 S. E. 511; *Building, &c., Co.* v. *Fray,* 96 Va. 559, 32 S. E. 58.

The appellants admit that the deed was properly recorded in the city of Norfolk, and that it passed title to the parcel of land located in the city, but claim that in order to invest the trustee with title to the parcel of land in Norfolk county it was necessary to record the deed in that county.

The appellees' contention is that the recordation of the deed in the city of Norfolk invested the trustee with title to the land in Norfolk county as well as to that in the city, as between the parties.

By section 4 of chapter 121 of the code of 1860, as amended by act of Assembly approved June 17, 1870 (Acts 1869-'70, pages 173, 175), it was provided that when a husband and wife have signed a deed purporting to convey or transfer any estate, real or personal, she may appear before a court authorized to admit such writing to record or before the clerk thereof in his office, or before certain other designated officials, and if on being examined privily and apart from her husband, by some one of the functionaries to whom the authority is committed, and having such writing fully explained to her, she acknowledges the same to be her act, and declares that she executed it willingly and does not wish to retract it, such privy examination,

acknowledgment and declaration shall thereupon be recorded in such court, or in the clerk's office; or if this acknowledgment takes place before functionaries other than the court of registry or the clerk thereof, such functionaries are to certify the privy examination, acknowledgment and declaration on, or annexed to, the said writing in a form prescribed. Section 7 of that chapter provided that "when the privy examination, acknowledgment and declaration of a married woman shall have been so taken and recorded, or when the same shall have been so taken and certified as aforesaid, and the writings to which such certificate is annexed, or on which it is, shall have been delivered to the proper clerk and admitted to record as to the husband as well as the wife, such writing shall operate to convey from the wife her right of dower in the real estate embraced therein, and pass from her and her representatives all right, title and interest of every nature which she may have in any estate conveyed thereby, as effectually as if she were at the said date an unmarried woman; and such writing shall not operate any further upon the wife or her representatives by means of any covenant or warranty contained therein."

All the ceremonies provided by the statute for passing Mrs. Core's interest in both parcels of land to the trustee in the deed in question were complied with, if the clerk to whom the deed was delivered for recordation was "the proper clerk" within the meaning of the law.

Where all the land conveyed lay in one county or corporation there can be no question that the clerk of the court of the county or corporation in which the land lay was the proper clerk to record the deed. But where the land lay in more than one county or corporation the question is who is the proper clerk to record the deed so as to complete its execution and give it the effect which the statute declared it should have.

The learned counsel for the appellants, both in their written and oral arguments, insist most earnestly that the legislature of Virginia during the colonial period, as well as since her existence as a state, providing how married women might convey

their interest in real estate, shows that the terms "the proper clerk," as used in the statute in force when the deed in question was executed where the lands conveyed by the deed lay in more than one county or corporation, meant the clerk of every such county or corporation. A careful examination of these various statutes fails to satisfy us that this contention is well founded. The object of these various statutes, as was said by Judge Tucker in *Harkins* v. *Forsyth,* 11 Leigh 303, was to provide a substitute for the proceeding by fine, whereby the rights of the wife on the one hand might be fenced around, and a sure, indefeasible and unquestionable transfer of her right secured on the other. This last result was accomplished, as in the case of the English procedure by fine, by having the record of a court of justice show that the ceremonies required by law for passing the married woman's interest in land had been complied with. *Harkins* v. *Forsyth, supra,* 301-6; *Bank, &c.,* v. *Paul,* 75 Va. 602-3, 40 Am. Rep. 740. This record, whether the privy examination of the *femme* was taken before the court or before one of the other functionaries authorized to take it, was conclusive upon the wife, except that in a court of equity she may be relieved, where the certificate of the privy examination was obtained by the fraud of the party claiming under the deed. *Harkins* v. *Forsyth, supra,* 305.

Where there is such a record in the clerk's office of the court of any county or corporation in which any part of the land lies, what necessity is there, as between the parties to the deed, that the same record should be made in every county and corporation in which any part of the land lies? The statute does not in terms require it, and there is no reason, so far as we can see, for it. On the contrary the statute implies, if it does not declare, that one recordation of the deed is sufficient to clothe the grantee with all the married woman's interest in all the land conveyed by the deed. It only provides for recordation by one clerk. When recorded by that clerk it declares that all the interest of every kind of the married woman in the lands conveyed by the deed shall pass. If the Legislature had in-

tended that a recordation in every county and corporation in which any part of the land lay was necessary to give full effect to the deed as to all the lands conveyed the statute ought to, and it seems to us, would have so declared; for the revisers of the Code of 1849 were very learned lawyers, and well acquainted with the practice of conveying lands at that date. They knew that it was then a common practice for several parcels of land lying in different counties and corporations to be conveyed by one and the same deed, whatever may have been the practice in colonial times or the early days of the Commonwealth, and express provision was made requiring a deed to be recorded in each county and corporation in which any part of the land conveyed lay, in order to affect the rights of purchasers without notice and creditors. In order to give the term "the proper clerk" the meaning contended for by the appellants we would have to construe it as meaning not one clerk, but the clerks of every county and corporation court of all the counties and corporations in which any part of the land conveyed by the deed lay, or hold that when the deed is delivered to and recorded by only one of such clerks the operation of the deed is limited to the land which lies in his county, and not to all the land conveyed by the deed. Neither of these contentions is, as it seems to us, justified by the language of the statute. The former construction requires us to add to the statute; the latter to limit its operation, neither of which ought to be done if any other reasonable construction can be placed upon it; for courts in construing statutes cannot add to or take from them, except in cases where the duty is plain in order to give an intelligent effect to them and thereby carry out the manifest intent of the Legislature. *Hutchinson* v. *Commercial Bank*, 91 Va. 68, 73, 20 S. E. 950.

"The proper clerk," within the meaning of the statute, is, in our judgment, any clerk who has the right, and whose duty it is, to record the deed when delivered to him for that purpose. When the deed is so recorded by him no further recordation is necessary as between the parties to it. But in order to affect pur-

chasers without notice and creditors as to lands conveyed by it lying in another county or corporation it must be recorded in such county or corporation, as provided by section 6, chapter 119 of the Code of 1860.

As will be observed from the facts stated the will of Mrs. Core was made on the same day the deed was acknowledged, and nearly two months before it was admitted to record, so as to become operative. The next question, therefore, to be considered is whether or not a married woman who has no separate estate at the time has the capacity to make a will disposing of subsequently acquired separate estate owned by her at the time of her death. If she has, it will be unnecessary to consider the question whether or not when the deed of Mrs. Core was admitted to record it related back to the date of the acknowledgment, under the provision of section 7 of chapter 118 of the Code of 1860, as contended by counsel.

Sections 2, 3, 11 and 16 of chapter 122 of the Code of 1860 (the law in force at the time the will of Mrs. Core was made) provided as follows:

"2. Every person not prohibited by the following section may by will dispose of any estate to which he shall be entitled at his death, and which, if not disposed of, would devolve upon his heirs, personal representatives or next of kin. The power hereby given shall extend to any estate, right or interest to which the testator may be entitled at his death, notwithstanding he may become entitled subsequently to the execution of the will."

"3. No person of unsound mind, or under the age of twenty-one years, shall be capable of making a will, except that minors eighteen years of age, or upwards, may by will dispose of personal estate. Nor shall a married woman be capable of making a will, except for the disposition of her separate estate, or in the exercise of a power of appointment."

"11. A will shall be construed, with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death

of the testator, unless a contrary intention shall appear by the will."

"16. A devise or bequest shall extend to any real or personal estate (as the case may be) which the testator has power to appoint as he may think proper, and to which it would apply if the estate were his own property, and shall operate as an execution of such power, unless a contrary intention shall appear by the will." .

By section 3 a married woman was prohibited from, and declared incapable of, making a will, except for the disposition of her separate estate or in the exercise of a power of appointment. Her right to make a will as to those two subjects, and its operation as to them, would, we apprehend, be governed by sections 2, 11 and 16 of chapter 122 of the Code of 1860, just as the will of any other person authorized to make a will by section 2. There is nothing in any of the sections to indicate a different intent, nor is there any reason why the rule applicable to persons generally should not apply to married women, so far as they are not prohibited from making wills. The power given by section 2 to make a will was expressly declared to extend to any estate, right or interest to which the testator might be entitled at his death, notwithstanding he might become so entitled subsequently to the execution of the will; and by section 11 it was provided that a will should be construed as to the estate, real and personal, comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention should appear by the will.

The English courts in construing the English statute of wills (1 Vict., chapter 26), from which our statute of wills, as found in chapter 122 of the Code of 1860, was largely drawn, and which is substantially the same, as far as the question we are now considering is involved, hold that the effect of a married woman's will, so far as she was authorized to make a will, was the same as if she had not been married. See *Noble* v. *Willock*, L. R. 8 Chy. 778, 787; same case in House of Lords, L. R. H.

L. 596; *Thomas* v. *Jones,* 2 G. & H. M. 475, 483; same case 1 D. Jones & Smith 63, 80, 83.

Lord Selborn said in *Noble* v. *Willock, supra*: "The effect of a married woman's will as to her separate estate, as I have understood the law, always was the same as if she had not been married. The effect of the doctrine of separate estates was to remove to the full extent to which it prevailed the disability of coverture, and that disability being removed, there was not, as far as I know, any technical difference whatever between the will of a married woman and the will of an unmarried woman with respect either to the construction or to the operation of the will on the matter which it would embrace. Of course, as to real estate, before the wills act, it was subject to the same limitation as the will of an unmarried woman would be subject to—that is, that it could not pass after-acquired real estate; but there was no limitation as to the separate estate depending in any manner on coverture. So with respect to powers, if the married woman had a power, the rules, as I understand the matter, applicable to a will purporting to deal with property by virtue of a power, were the same in the case of a married woman as in the case of an unmaried woman, so that the whole doctrine of disability by coverture was entirely eliminated from questions liable to arise as to the wills of married women, so far as concerned their separate estate, and so far as the wills operated under power."

There can be no question that an unmarried woman could, under chapter 122 of the Code of 1860, by will dispose of after-acquired property, and that she could do this whether she had or had not property at the date of the will; and the disability of a married woman having been eliminated as regards her separate estate, real and personal, it necessarily follows that a married woman might by will dispose of after-acquired separate estate, whether she had or did not have a separate estate at the date of the will.

It has been held by the English courts that, although a man has no capacity to make a gift under a power before he ac-

quired it, nevertheless when a testator makes a general bequest and afterwards acquires a power, that power takes effect by virtue of the general bequest; and the rule applies equally to a married woman. *Thomas* v. *Jones,* 2 G. & H. 475, 483; s. c. Dejex J. & S. 63; *Airy* v. *Bower,* 12 App. Cas. 263, 268.

In the case of *Thomas* v. *Jones, supra,* Lord Chancellor Westbury, in discussing the question of the right of a married woman to exercise the power of appointment, said: "It is not necessary, however, that the authority should exist at the time of the execution of the instrument, if it be afterwards acquired and be subsisting at the time of the death of the testator."

If a married woman can exercise a power of appointment which does not exist when she makes her will, but which is given her before she dies, it seems to me, *a fortiori,* she can by will dispose of separate estate belonging to her at her death, although she did not own that or any other separate estate at the date of her will.

The decisions of this court in the cases of *Stroude* v. *Connelly,* 33 Gratt. 221, and *Kiracoffe* v. *Kiracoffe,* 93 Va. 591, 25 S. E. 601, referred to by counsel, are not in conflict with this view, though there are some expressions in the opinions of the court in those cases which, standing alone, might seem to be. But the question we are now considering was not involved in those cases.

The only case which we have found which involved this precise question, and which is now passed upon by this court, is the case of *The Earl of Charlemont* v. *Spencer,* 11 Law Rep. (Ireland) 347, 490, and it is in accord with the conclusion we have reached. In that case, in construing the English statute of wills, 1 Vict., chapter 26, it was held that "The will of a married woman who has non-personal estate belonging to her, for her separate use, at the date of the will, made without the assent of her husband, is effectual to dispose of personal estate to her separate use, which she afterwards acquires and is entitled to at her death."

We are of opinion that there is no error in the decree appealed from, and that it should be affirmed.          *Affirmed.*