## Harlan v. Harlan.

(Decided October 17, 1911.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Third Division).

1. Wills—Property Subsequently Acquired—A will made before property is acquired applies to property thereafter acquired which was owned by the testator at her death.

2. Same—Married Women—Separate Estate.—A married woman's will made in 1892 is valid as to property conveyed to her since the act of 1894, as under that act the conveyance vested in her a separate estate.

STUART CHEVALIER for appellant.

HUSTON QUINN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Samuel F. Harlan sold to Louis H. Harlan a lot on Jefferson street, in Louisville, Kentucky, and tendered him a deed therefor which he refused to accept on the ground that Samuel F. Harlan's title to the land was not good. Thereupon the vendor filed this suit against the vendee to compel him to accept the deed and pay the price. The chancellor adjudged the plaintiff the relief sought and the defendant appeals.

The facts of the case are these: Ruth A. Harlan, the wife of Samuel F. Harlan made her will on January 20, 1892. On March 12, 1896, her husband, Samuel F. Harlan, conveyed to her by deed the lot in controversy. She died on March 9, 1909. Her will was duly admitted to probate on March 22, 1909, and by it she devised all of her estate of every kind to her husband. The sole question in the case is whether Samuel F. Harlan took a good title to the property under the will of his wife. The will was made before the passage of the present statute authorizing married women to make wills, and must be governed by the laws in force when it was made; for if the will was a nullity when it was made, no validity was given it by the subsequent statute, authorizing a married woman to make a will. (Gregory v. Oats, 92 Ky., 532.) The General Statutes which were in force when the will was made, provided:

"A married woman may by will dispose of any estate secured to her separate use by deed or devise, or in the exercise of a written power to make a will." (Chap. 113, Sec. 4.)

Previous to the adoption of the Revised Statutes in 1851 it was a question of doubt whether property acquired after a will was made passed under the will or

was undevised estate. To remedy this the following provision was inserted in that revision and brought over from it into the General Statutes which were in force when this will was made:

"A will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." See Ky. St., Sec. 4839.

Under this provision property acquired after the will is made, passes under the will just as if it had been owned by the testator at the time the will was made. (Alexander v. Waller, 6 Bush, 330.) As under the statute in force when the will was made, a married woman had power by will to dispose of any estate "secured to her separate use by deed" and her will, when made, applied to after acquired property no less than property she then owned, it only remains to determine whether the property in contest was "secured to her separate use by deed," within the meaning of the statute.

The deed made in 1896 by her husband to her is simply in the ordinary form. It contains no words excluding her husband from any interest in the property. But section 2127, Kentucky Statutes, which was in force when the deed was made, among other things, provides:

"During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use and free from the debts, liabilities or control of her husband."

It will thus be seen that the law made this property the separate estate of the wife free from the debts, liabilities or control of her husband. It was unnecessary that these words should be inserted in the deed; for what is necessarily implied need not be expressed. The legal effect of the deed is precisely the same as if these words had been inserted in it. She acquired the property by deed, and under the deed she took it as her separate estate, and being her separate estate it was such property as she had power to devise under the statute in force when the will was made. The property, therefore, passed to her husband under her will and the circuit court properly held that he had good title to it. (See Tarrant v. Core, 106 Va., 161; Emmert v. Hays, 89 Ill., 11; Hawkins v. Columbia Trust Co., 142 Ky., 206.)

Judgment affirmed.