A. S. WILKINS v. HORACE B. REED et al.*

(Nashville. December Term, 1927.)

Opinion filed, December 21, 1927.

1. INSTRUMENTS. DEFECTS OF REGISTRATION. NOTICE. WRONG NAME. DEFECTIVE DESCRIPTION.

Where it appears that an instrument was recorded under the wrong name or contained a defective description, or was not properly indexed, there was no notice, either actual or constructive. (Post, p. 323.)

Citing: Prouty v. Marshall, 225 Pa. St., 520, 25 L. R. A. (N. S.), 1213; Baldwin v. Marshall, 2 Hump., 118; Lally v. Holland, 1 Swan, 401; Building & Loan Asso. v. Rogers, 104 Tenn. (20 Pick.), 439.)

2. INSTRUMENTS. REGISTRATION. DEFECTS. DISTINCTION.

Where the instrument was not entitled to registration because there was no signature of the officer taking the acknowledgment the registration is void, but an instrument which has such signature and is otherwise entitled to registration is not invalidated, because the recording officer did not transcribe with the instrument the proof on which it was admitted to record. (Post, p. 324.)

Citing: Henderson v. McGhee, 6 Heisk., 56; Hitt v. Coal Co., 124 Tenn. (16 Cates), 334, 342; Childers v. Coleman, 122 Tenn. (14 Cates), 109, 126; Shannon's Code, sec. 3598, 34 Cyc., 588; Pierce v. Clark, 25 La. An. 111; Thomas v. Stuart, 91 Va., 694.

3. INSTRUMENTS. REGISTRATION. STATUTE. NOTICE.

Our registration statute being directory, when the instrument has in fact been properly executed and acknowledged, and has attached the certificate of the officer in lawful form and duly executed, such instrument is entitled to registration, and defective recording of the certificate does not render the instrument null and void as to existing creditors of, or **bona-fide** purchasers of the maker of such instrument without notice. (Post, p. 325.)

156 Tenn.—21.

Citing: Shannon's Code, sec. 3752; Mc'Iver v. Robertson, 11 Tenn. (3 Yerg.), 84; Flowers v. Wilks, 32 Tenn. (2 Swan), 408-410; Campbell's Lessee v. Erwin, 1 Tenn. (1 Overton), 235.

---

*Headnotes 1. Records, 34 Cyc., p. 589; 2. Acknowledgments, 1 C. J., section 69; 3. Mortgages, 41 C. J., section 525; 4. Records, 34 Cyc., p. 589.

---

## FROM McMINN.

---

Appeal from the Chancery Court of McMinn County. —HON. T. L. STEWART, Judge.

E. B. MADISON and FRANK K. BOYD, for complainant.

D. SULLINS STUART, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the court.

This appeal presents a question of priority arising under our registration laws. The defendant Bank took, as security for a loan, a deed of trust on certain lands which was properly executed and acknowledged and contained a correct description of the lands. Complainant, a creditor of the land owner, grantor in the Trust Deed, filed his bill to attach this land and asserts priority over the Trust Deed creditor on the ground of an alleged defect in the registration of that instrument, in that, while in all other respects regular and complete, the signature of the Notary Public to his certificate of acknowledgment was omitted by inadvertence of the Register, it being conceded, however, that this signature had been duly affixed by the Notary and so appeared when the instrument was delivered for registration. Does the omission of the Register to copy on his records this signature of the

Notary to his certificate constitute such a defect in the registration as to give a subsequent attaching creditor priority? The Chancellor held that it did not and dismissed the bill.

*(1)* No controlling Tennessee case is cited. Nor do we find any reported case holding such a defect fatal. It will be found that in every case in which a purchaser or creditor had been given priority over a holder under a registered instrument the defect recognized went to the issue of notice of the transfer in some form or degree; or, involved the authority to record, such as the omission, *in fact,* of the officer's signature to his certificate. The leading case, chiefly relied on by counsel for appellant, of *Prouty* v. *Marshall,* 225 Pa. St. 520, 25 L. R. A. (N. S.), 1213, is an illustration of the first class. Here the instrument was recorded under the wrong name and it resulted, said the Court, that "no notice of the mortgage, either actual or constructive, was given to the purchaser," who bought after a search of the records. Throughout that opinion will be found language emphasizing the essentiality of the element of notice,—that the record, including the required index, shall be in such shape that examination thereof will supply notice to the searcher of the previous transfer of the identical property. Many of the cases involve defects in description of the property. *Baldwin* v. *Marshall,* 2 Hump., 118; *Lally* v. *Holland,* 1 Swan, 401, and *Building & Loan Asso.* v. *Rogers,* 104 Tenn., 439, cited for appellant, are all of this class.

These holdings are consistent with the principle above noted, being rested upon this doctrine of notice. Unless the description is adequate and correct, obviously this vital element of notice is wanting on the face of the record.

*(2)* This case is not within the class referred to in 19 A. L. R., 1074-1077 and 29 A. L. R., 964, wherein it was correctly held that, "the omission of the officer's signature to the certificate of acknowledgment is fatal." In this State it has been repeatedly held that registration on a defective probate gives no priority. The instrument is not *entitled to registration. Henderson* v. *McGhee,* 6 Heisk., 56; *Hitt* v. *Coal Co.,* 124 Tenn., 334, 342; *Childers* v. *Coleman,* 122 Tenn., 109, 126. But here there was no defect in the acknowledgment, in fact or in form. The instrument was clearly entitled to registration. Our cases cited do not deal with the situation here presented.

The issue narrows to the inquiry whether or not a defect, such as we here have, in the recording of the *authority of the register* to record the instrument, is fatal. It is obvious that such a defect does not affect the element of notice to an interested party of the essential fact of a previous transfer of the property. Reliance is had for appellant upon the provision in Shannon's Code, Section 3598, that, "with the deed or instrument shall be registered all certificates of probate or acknowledgment, with the certificates for authentication thereof," etc. In 34 Cyc., at page 588, it is said: "To constitute a valid record the statutes must be complied with except as to provisions which are merely directory. A record is not invalidated because the recording officer did not transcribe with the instrument the proof upon which it was admitted to record," etc. In *Pierce* v. *Clark,* 25 La. An. 111, cited by Cyc. *supra,* it is said that, "the object of registry, both of sales and mortgages, is notice." And, further, "the failure of the recorder to inscribe with the instrument the proof upon which he admits to registry does not render the registry null." In support of its text, *supra,* Cyc. also cites *Thomas* v. *Stuart,* 91 Va. 694,

which, on principle, is in point. In that case the Court said:

"The contention of counsel for the appellant is that notwithstanding the original certificate was made by the Justices in due form, the same not having been properly recorded, though delivered to the clerk for admission to record, the deed is therefore void and no title has ever passed from appellants; that the appellees are bound by the recordation and cannot look to the original certificate itself to show that the acknowledgment of appellant was taken in due form.

"This proposition cannot be maintained upon reason or authority.

"The grantee in the deed did all that he could do, and all that the law required him to do. If the original deed is properly acknowledged, and the certificate shows this, and the writing together with said certificate annexed thereto was delivered to the Clerk to be admitted to record as to the husband, as well as the wife, then her title passes notwithstanding the fact that the Clerk may have omitted to record the acknowledgment as certified by the Justices."

(3) Our conclusion is that the code provision for registration of the certificate of acknowledgment,—the authority for the registration of the instrument carrying notice to the world—is directory, that when the instrument has in fact been properly executed and acknowledged, and has attached the certificate of the officer in lawful form and duly executed, it is then entitled to registration, and that defective recording of the certificate merely does not render the instrument "null and void as to existing or subsequent creditors of, or *bona-fide* purchasers from, the makers without notice." Shannon's Code 3752. This is consistent with the declaration

of this Court in *Mc'Iver* v. *Robertson,* 3 Yerger, 84, that, "the certificate of the clerk, judge or other officer before whom, or whose court, a probate or acknowledgment was legally made, is the register's authority for the exercise of his official functions, in which his office is ministerial, not judicial." And other expressions of this Court indicate an indisposition to allow neglect of the register to prejudice the grantee. See *Flowers* v. *Wilks,* 2 Swan, 408-410; *Campbell's Lessee* v. *Erwin,* 1 Overton, 235. This rule should certainly be applied whenever the neglect or omission of the register in no way affects the notice carried by the correct registration of the instrument itself, but relates alone to the authority for its registration.

In XXIV Am. & Eng. Ency. Law, page 76, it is well said that registration laws "are remedial and should be liberally construed to attain the object intended." And, again, on page 131, "The purpose is to prevent fraud upon persons subsequently contemplating the acquisition of an interest in the property conveyed or affected by placing the means of obtaining information of prior alienations within their reach."

This conclusion renders it unnecessary to consider the effect, discussed in the briefs, of the notation of the instrument for registration in a case like this, when the instrument, after a defective registration, has been withdrawn by the grantee.

The decree of the Chancellor is affirmed.