TENNESSEE BARIUM CORPORATION et al. v. WILLIAMS, et al.—133 S. W. (2d), 1015.

Middle Section.    April 8, 1939.

Petition for Certiorari denied by Supreme Court, December 8, 1939.

Reagan & Hale, of Jamestown, for Tennessee Barium Corporation.

H. N. Wright and J. T. Wheeler, both of Jamestown, for Oscar Williams.

FAW, P. J. Tennessee Barium Corporation, a domestic mining corporation, filed the original bill in this cause to obtain an injunction, temporary and permanent, enjoining the defendants, F. A. Williams and Oscar Williams, from interfering with complainant's mining operations on a tract of land in Fentress County, Tennessee, containing one hundred and fifty acres, known as the F. A. Williams homeplace, and fully described in complainant's bill.

John Taylor, described as trustee under a trust deed from Alvin C. York, to secure a debt to Pickett County Bank & Trust Company, joined as a complainant in the bill.

Oscar Williams answered, and filed his answer as a cross-bill, asserting that he is the owner in fee of the tract of land described in complainant's bill, subject to the "homestead interest" of F. A. Williams; and he prayed for a decree so adjudging.

Defendant F. A. Williams filed an answer denying that complainant had any rights in the premises in question, and relying upon an "outstanding title" as a defense to complainant's suit; that is to say, he alleged that, on September 4, 1933, he executed and delivered

to R. W. Young a lease or conveyance for the purpose and with the exclusive right of boring, mining and operating on the tract of land described in the bill for oil and gas and any and all kinds of minerals, stone, barite or other substances of value, for a term of five years next ensuing the date thereof, for which a valuable consideration was paid and agreed to be paid, which lease was recorded on September 25, 1933 in the Register's Office of Fentress County, Tennessee in Misc. book 3, page 501.

The complainants answered the cross-bill of Oscar Williams and denied the material allegations thereof.

The case was finally heard by the Chancellor on the pleadings and oral testimony, by written agreement of counsel filed in the record, and the Chancellor dismissed both the original bill and the cross-bill. All of the parties, except defendant F. A. Williams, appealed to this Court and perfected their respective appeals, and the evidence heard by the Chancellor was preserved by bill of exceptions.

In this Court, the complainants have assigned errors, and the defendant and cross-complainant, Oscar Williams, has also assigned errors. In order that the purport of the assignments of error may be better understood, we will first quote the Chancellor's "Memorandum Opinion and Finding of Facts", which is as follows:

"Under the complainants' bill as amended, they seek to restrain and prohibit the defendants from interfering with certain mining operations of the complainant corporation on certain lands set out and described in the second paragraph of the original bill, lying and being in the second civil district of Fentress County, Tennessee, containing about 150 acres, and known as the F. A. William's home place.

"They also seek to cancel and declare void the deeds of defendant and cross-complainant Oscar Williams, and under the last amendment to the original bill, to introduce as evidence certified copy of a deed from F. A. Williams to Carradine Williams dated August 29, 1919, and to set up the same as a lost instrument, and as a part of their chain of title.

"The defendant F. A. Williams filed his answer to the bill as amended, and denies the complainants' ownership of the leasehold estate for the purpose of mining mineral and ores. Among other defenses he pleads the outstanding title to R. W. Young by virtue of a lease and agreement executed September 4, 1933, and filed as Exhibit 1 to his answer.

"The defendant Oscar Williams filed his answer and cross-bill denying generally the allegations of the complainants' pleadings, and of their rights to a writ of injunction, as claimed, and he alleges that he is the owner of the land in question, subject to the homestead interest of his father F. A. Williams, by virtue of a deed from Wilford Smith, Sheriff of Fentress County, to V. H. Pile and George L. Stockton, dated August 7, 1937, and recorded August 31,

1937, and filed as Exhibit 'A' to the cross-bill, and a deed from V. H. Pile and George L. Stockton to Oscar Williams dated September 2, 1937, recorded September 4, 1937, a copy of which is made Exhibit 'B' to the cross-bill, certified copies of the record upon which each of these deeds are based are filed as Exhibits 'C' and 'D', respectively, to the answer and cross-bill.

"These records show judgments, levies and condemnation proceedings with reference to proceedings had in the cause of V. H. Pile v. F. A. Williams, and Oscar Williams v. F. A. Williams, and the title papers of Oscar Williams are predicated on a levy in the V. H. Pile case against F. A. Williams, made on January 8, 1937.

"The complainants' amended bill alleges that the proceedings wherein judgments were rendered, levies made and condemnation proceedings had against F. A. Williams, were champertous and without consideration, and were made fraudulently and by collusion between F. A. Williams and Oscar Williams, and therefore void.

"The court is of the opinion that the weight of the proof is against the complainants on this issue. There is no proof to support these allegations of fraud and collusion.

"On the trial of the cause the complainants offered as their muniments of title the deed from F. A. Williams to Carradine Williams, dated August 29, 1919; trust deed from Carradine Williams and wife Myrtle Williams to Everett Hassler, Trustee, dated February 13, 1929; deed from Everett Hassler, Trustee, to Gracie York and Alvin C. York, dated July 8, 1933; instrument of right-of-way from F. A. Williams to Alvin C. York, dated June 20, 1936; mineral lease from Alvin C. York and wife Gracie York to Tennessee Barium Corporation, dated July 7, 1937. The original, or copies of these instruments were duly filed and made exhibits.

"On the trial all exhibits to the cross-bill were treated as read, and have been duly filed and considered; also, the lease from Carradine Williams, F. A. Williams and Myrtle Williams to R. W. Young, dated September 4, 1933, and recorded September 25, 1933.

"The levies on the land in question through which Oscar Williams claims, which are subject to the homestead rights of F. A. Williams, are predicated on the theory that the purported deed from F. A. Williams and wife to Carradine Williams, dated August 29, 1919, was improperly registered by reason of the fact that the Notary Public's signature does not appear on his certificate, and that the instrument communicated no title to the grantees as against creditors, and so far as the levies and deeds Oscar Williams now holds are concerned, that said instrument of 1919 is void, he being a judgment creditor of F. A. Williams, and likewise V. H. Pile being a judgment creditor of F. A. Williams.

"Complainant's insistence with reference to the deed from F. A. Williams to Carradine Williams and wife is that in truth and in fact

the Notary Public did affix his seal to the original instrument which has been lost or mislaid, and it was a mistake of the recorder of the deed in omitting the signature of the Notary Public.

"From the entire record, and especially the testimony of the witnesses John Hale and John Taylor, the Court is of the opinion that the complainants have carried the burden of proof in this respect, and that the execution of the deed, and the loss of the original have been sufficiently shown by the proof, and that the purported copy filed in the record should be admitted as evidence, under the entire record.

"The witness John Taylor testifies that he had the deed in his possession when the Bank of which he is Cashier took the trust deed to Everett Hassler, Trustee; that he kept it there a week or ten days and mailed it back to Carradine Williams, and that he examined it to see if it was properly acknowledged and properly registered, and that was a practice his bank always followed before they took a trust deed on property; that it was his recollection that the signature of the Notary Public was on the deed in question, but that he would not swear positive that it was on it. He also states that he, with others, made a trip to Indiana in search of the deed.

"The witness John Hale states that he read the original deed in question; that he had it in his possession for almost a day; that he does not remember the wording of the deed, but that it purported to convey a tract of land from F. A. Williams to Carradine Williams, the description of which was 'on which I now live, being inherited by me from my Mother, Mary Williams.'

"The witness states that he looked at the deed carefully, and that he knows C. P. Garrett's (the Notary Public) signature, and that this deed had his signature and the Notary seal on it. He also states that he has made search for the deed.

"C. P. Garrett, the Notary Public, was offered as a witness. He says, in substance, that he remembers doing some work for F. A. Williams one or two different times, and has some recollection of the transaction between F. A. Williams and Carradine Williams, but in view of his uncertainty about whether he signed his name to this particular deed, the court considers his testimony of little value on that issue.

"The court is, therefore, of the opinion that the case of Wilkins v. Reed, 156 Tenn., 321 [300 S. W., 588], is applicable, and that under the proof in the case at the bar, the deed was entitled to registration, and that it should not be invalidated, as the defendant and cross-complainant insists, because the recording officer did not correctly enter the proof on which it was admitted to record, that is, the signature of the Notary Public to his certificate. The court finds that the Notary Public signed the original. This finding is conclusive on the question of execution of the instrument in question.

"John Taylor, Trustee is a complainant in this cause, and it is alleged that he is the holder of the legal title to the land in question by virtue of a trust deed executed from Alvin C. York to secure the Pickett County Bank & Trust Company for a debt of $780.00. The complainant does not offer any instrument, or any proof to sustain this allegation. The proof is that the title is in the Barium Corporation, except the life estate of F. A. Williams. The pleadings are therefore at a variance with the proof.

"F. A. Williams retained a life estate in the property in question when he executed the deed to Carradine Williams, and, as before stated, he joined in the lease to R. W. Young, dated September 4, 1933, which 'demise and lease unto the said lessee, his heirs, successors and assigns, for the sole purpose, and with the exclusive right of boring, mining and operating thereon for oil and gas and any and all kinds of mineral, stone, or other substances of value,' etc.

"Therefore, regardless of the fact that at the time the above lease was executed by Caradine Williams and Myrtle Williams, they had no title to the land, the trust deed having been foreclosed in favor of York, and deed executed by Everett Hassler, Trustee, to York, F. A. Williams transferred his title to the said R. W. Young, who is not a party to this case, and it follows that F. A. Williams had no title to communicate to Alvin C. York under the instrument executed June 20, 1936, and, therefore, the Tennessee Barium Corporation's title to F. A. Williams' interest in the property is defective.

"For the reasons herein stated, the Court is of the opinion that the complainants are not entitled, under the record, and from the proof, to the relief sought, and the temporary writ of injunction heretofore issued will stand dissolved, and the bill as amended dismissed.

"The cross-bill cannot be sustained, among other reasons because, as aforesaid, the title was not in F. A. Williams when either of the levies were made, and therefore the cross-bill of Oscar Williams should be dismissed, it appearing to the Court that whatever rights he had in the premises necessarily are by virtue of some arrangement with his Father, F. A. Williams, who is the owner of a life estate, subject to the rights of R. W. Young under his lease. Oscar Williams is not shown to be the owner of the fee, as claimed.

"The cost incident to the filing and prosecution of the cross-bill of Oscar Williams will be taxed against Oscar Williams. All the other costs will be paid by the complainants. All demurrers which have not been finally acted on are overruled.

"Decree will be drafted accordingly, and will provide for thirty (30) days from the entry of the decree in which to perfect the appeal by all parties praying therefor, and sixty (60) days in which to make and file bill of exceptions.

"The Clerk & Master at Jamestown, Tennessee, will file this opinion and finding of facts as part of the record, and immediately notify

counsel of the receipt thereof. A copy of this finding is this day being mailed to Messrs. Reagan & Hale, and Wheeler & Wright.

"Done at Livingston, Tennessee, this May 18, 1938.

"A. F. Officer,

"Chancellor."

As we see this record, two, and only two, determinative questions are presented by the assignments of error.

Appellant Oscar Williams says that the court below erred in admitting as evidence for complainant, over the objection of defendants, a copy of the deed from F. A. Williams to Carradine Williams, dated August 9, 1919, which was certified by the Register of Fentress County as registered in book R-2, page 230, on May 29, 1924.

The objection offered to the introduction of said certified copy was, in substance, that it appeared therefrom that the deed was not properly probated to entitle it to registration, in that, there was no certificate of acknowledgment signed by any one authorized to take an acknowledgment, and therefore the deed was not lawfully registered, and that such copy was not competent evidence of the contents of the deed and of its registration.

The aforesaid certified copy bore an unsigned certificate of acknowledgment as follows:

"State of Tennessee

"Fentress County.

"Personally appeared before me C. P. Garrett, a Notary Public in and for said County and State, F. A. Williams the within named bargainor, with whom I am personally acquainted, and who acknowledged that he executed the within instrument for the purposes therein contained. (Notary Seal) "Witness my hand and seal of office this the 29th of August, 1919."

As we have seen, the Chancellor found that the Notary Public signed the certificate on the original deed, and it was omitted by the Register in recording the deed.

The case of Wilkins v. Reed, 156 Tenn., 321, 300 S. W., 588, cited by the Chancellor, involved precisely the same defect in the registration of a trust deed as that involved in the instant case, and a creditor of the grantor was asserting priority on that ground, although conceding that the Notary had duly affixed his signature to his certificate and that it so appeared when the instrument was delivered for registration, but was omitted by inadvertence of the Register. The court there held that the omission of the Register to copy on his records the signature of the Notary to his certificate did not constitute such a defect in the registration as to give subsequent attaching creditor priority.

It is insisted for appellant Oscar Williams that, in the instant case, it is not shown by competent evidence that the name of the Notary Public was affixed to the certificate on the deed here involved, and

that, therefore, the ruling in Wilkins v. Reed, supra, is not controlling. The main contention, in this connection, seems to be that the original deed is the best evidence as to whether the Notary's name was affixed to his certificate, and that the proof of the loss of the original deed is not sufficient to let in secondary evidence.

When it is sought to prove the contents, or some part of the contents, of a written instrument by secondary evidence, a preliminary inquiry is presented to the trial court as to whether the party offering such secondary evidence has, in good faith, exhausted, to a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him. "The degree of diligence to be used must largely depend upon the circumstances of the case. The inquiry is of a preliminary nature, addressed to the court in each case; and the decision is largely in the discretion of the court, and not subject to review unless the decision is based upon an error of law or upon evidence, which, as a matter of law, is insufficient to sustain it." 2 Jones on Evidence (2 Ed.), section 818.

Upon an examination of the evidence, we are of the opinion that there was ample proof to justify the admission of parol evidence with respect to the signature of the Notary Public to the certificate of acknowledgment on the deed in question, and we concur in the Chancellor's finding that C. P. Garrett, the Notary Public, signed his certificate on the original deed of F. A. Williams to Carradine Williams, of date August 29, 1919, and that said deed was entitled to registration, and has priority over subsequent judgments and levies of execution against F. A. Williams, on the land therein described.

The assignment of error through which appellant Oscar Williams complains of the admission in evidence of said deed of F. A. Williams to Carradine Williams is therefore overruled.

In his aforesaid deed of August 29, 1919, to Carradine Williams, defendant F. A. Williams reserved to himself the right to the use, occupancy and control of the land thereby conveyed, during his natural life. On September 4, 1933, Carradine Williams and defendant F. A. Williams executed a mineral lease of the land in controversy to one R. W. Young for a term of five years from said date (September 4, 1933), and as long thereafter as oil and gas and any of such minerals, stone or other substances of value continue to be found in paying quantities.

But prior to the date of said mineral lease to R. W. Young, Carradine Williams had been divested of any and all interest in said land by foreclosure of a deed of trust thereon, and the title to said land was vested in Alvin C. York and his wife, Grace York, subject to the right of defendant F. A. Williams to use, occupy and control same during his natural life.

On June 20, 1936, defendant F. A. Williams executed to Alvin C.

York, his heirs and assigns, a transfer and conveyance of the following: "an easement and right of way over the hereinafter described tract or parcel of land for the purpose of going on said land and taking therefrom any and all minerals and removing and marketing the same together with the right to construct buildings, pipe lines, structures, of whatever kind or nature necessary or convenient for said mining purposes; and said easement and right herein granted to run for the full term of my natural life, said land being described as follows, to-wit:"

Then follows a description of the land in controversy, and covenants of seizin and possession "in life estate," right to sell and convey, and general warranty against the lawful claims of all persons whomsoever. Obviously this latter instrument contains all the essentials of a mineral lease, so far as a life tenant could make such a lease.

R. W. Young is not a party to this suit and there is no evidence that he is asserting any rights in or to the premises in question. Complainant's witness Alvin C. York, testified that Mr. Young went on this property; that he (York) "put him off the property," and he (Young) "said he would not go back."

As before stated, defendant F. A. Williams pleaded, in his answer, the aforesaid mineral lease to R. W. Young as an "outstanding title," and the Chancellor sustained this defense of F. A. Williams and held that, because of such "outstanding title," the complainant's title was defective, and the complainant was not entitled to the injunction sought by its bill. The complainant, Tennessee Barium Corporation, has assigned error upon the ruling of the Chancellor just stated.

It may be observed that this is not an action in ejectment, but is a suit in equity for an injunction to protect the possession of complainant under a mineral lease. But regardless of the nature of the suit, we are of the opinion that the learned Chancellor fell into error when he ruled that defendant F. A. Williams could rely on an outstanding title contrary to the recitals and covenants of his own deed.

"A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed, nor can he deny to the deed its full operation and effect as a conveyance." 21 C. J., page 1067, section 26.

"Conforming to the general rule a mortgagor is estopped to assert anything in derogation of the rights which the instrument purports to convey, as that he had no title at the time of executing the mortgage, that there is an outstanding title in a third person, that the estate mortgaged was other or less than an estate in fee simple,

that the instrument was defectively executed, or that the instrument, although running to the mortgagee, was in fact the property of a firm to which the mortgagee belonged.'' 21 C. J., page 1068, section 27.

The maker of a deed will not be heard in a court of conscience to allege against the averments of his own deed that at the time of its execution, the land conveyed was adversely held by another. Ruffin v. Johnson, 5 Heisk. 604.

''The rule has always been, that where there was a warranty or covenants for title, that would cause circuity of action if the vendee was evicted by the vendor, then the deed worked an estoppel. But the rule has been carried further, and is now established, that where the grantor sets forth on the face of his conveyance, by averment or recital, that he is seised of a particular estate in the premises, and which estate the deed purports to convey, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was seised and possessed at the time he made the conveyance. The estoppel works upon the estate and binds an after-acquired title, as between parties and privies.'' French v. Spencer, 21 How. (U. S.), 228-241, 16 L. Ed. 97, 100.

Defendant F. A. Williams is estopped to assert, in this suit, at the time of his said conveyance to Alvin C. York, he had no title, or that none passed by said deed because of an outstanding title in a third party. He will not be heard to deny to his said conveyance to Alvin C. York its full operation and effect according to the purport of its terms.

Through its fourth assignment of error, the appellant Tennessee Barium Corporation complains of the ruling of the Chancellor by which he sustained the defense of outstanding title pleaded by defendant F. A. Williams, and on that ground denied said complainant any relief and dismissed its suit. This assignment of error is sustained.

''John Taylor, Trustee under a trust deed from Alvin C. York to secure Pickett County Bank & Trust Company'' was joined as a complainant in the bill in this case. It is alleged in the original bill, ''That complainant, Tennessee Barium Corporation's rights are subject to the rights of John Taylor, as trustee, in a trust deed to him to secure the Pickett County Bank and Trust Company for a debt of $780.00 owed by Sgt. Alvin C. York to said bank, and said trust deed covers the tract of land mentioned in this bill, and was executed before the mineral lease under which complainant, Tennessee Barium Corporation, claims. But complainant, Tennessee Barium Corporation, has an agreement with John Taylor as trustee and with beneficiary Pickett County Bank and Trust Company whereby it is allowed to operate under the terms of said mineral lease. And the said John Taylor is a party complainant in this cause for the purpose of enforcing said lease and agreement.''

There was no proof of the existence of such trust deed to

John Taylor, Trustee, or of any trust deed by Alvin C. York to secure a debt to the Pickett County Bank & Trust Company. We do not regard this as a technical "variance" between the pleadings and proof, as it was characterized by the learned Chancellor; but it was a total failure of the proof to support an allegation of the bill. However, this did not prejudice the rights of the Tennessee Barium Corporation. The existence or non-existence of a trust deed to secure a debt on the property in controversy was not a material consideration in the determination of the right of the Tennessee Barium Corporation to the injunction sought against defendants F. A. Williams and Oscar Williams.

In this connection, it may be stated that the final decree contains a recital as follows:

"Pending draft of the decree in this cause in accordance with the opinion heretofore filed, the Chancellor received on June 4, 1938 a petition to amend and to file Trust deed, etc. but for satisfactory reasons to the Court appearing said petition to amend etc. is denied.

"To the action of the Court in refusing to allow the Complainants to amend their bill by substituting the name of Everett Hassler, Trustee, for the name of John Taylor, Trustee and in refusing to allow Complainants to introduce the Trust deed from Alvin C. York and wife Gracie York to Everett Hassler, Trustee, as proof in the case, the Complainants excepted at the time and now except."

But no error is assigned upon this matter, and no record is preserved to support such assignments of error, if they had been made.

Upon a consideration of the whole record, the assignments of error of the appellant Tennessee Barium Corporation are sustained, and the assignments of error of appellant Oscar Williams are overruled.

The decree of the Chancellor dismissing the cross-bill of Oscar Williams is affirmed; but the decree dismissing the bills of the Tennessee Barium Corporation is reversed, and its bills are sustained, and a decree will be entered granting a perpetual injunction against the defendants F. A. Williams and Oscar Williams as prayed for in the bill.

The costs of the cause, including the costs of the appeal, will be adjudged against F. A. Williams and Oscar Williams, the defendants, below.

Crownover and Felts, JJ., concur.