**In re William A. HILL, Josephine G. Hill, Debtors.**

**C. Kenneth STILL, Trustee In Bankruptcy, Plaintiff,**

v.

**SECURITY FEDERAL SAVINGS & LOAN ASSOCIATION; Federal Deposit Insurance Corporation (FDIC) as liquidator of Warren County Bank; James W. Dempster, Kenneth W. Cox, & Keith S. Smartt, trustees under various deeds of trust; and Josephine G. Hill, Defendants.**

Bankruptcy No. 1–85–00103.
Adv. Nos. 1–85–0121, 1–85–0122.

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 17, 1986.

James Frank Van Cleave of Ray & Van Cleave, Tullahoma, Tenn., for plaintiff.

Robert S. Peters of Swafford, Peters, & O'Neal, Winchester, Tenn., for Security Federal Savings & Loan Association.

Rebecca Lyford of Morton, Lewis, King & Krieg, Nashville, Tenn., for FDIC and Keith S. Smartt.

Isham Bradley of Ludwick & Lowell, Nashville, Tenn., for Josephine G. Hill.

## MEMORANDUM

RALPH H. KELLEY, Chief Judge.

The question in this adversary proceeding is whether Security Federal and War-ren County Bank perfected their mortgage liens on property belonging to one of the debtors, Josephine G. Hill. The question arises because the deeds of trust were recorded but were not indexed under the name of Josephine G. Hill. They were indexed under the name of her husband, William A. Hill, who joined in the execution of the deeds of trust. The claims of Warren County Bank and the deeds of trust are now owned by the FDIC as liquidator.

The court finds the facts as follows.

### Security Federal and The Tubbs Property

By warranty deed dated September 19, 1979, Johnie D. Tubb and wife, Beatrice Tubb, conveyed to Josephine G. Hill a tract of land on Old Shelbyville Road in the first civil district of Warren County, Tennessee.

The affidavit of value in the deed was signed by William A. Hill.

The deed also provides a place to give the name and address of the person responsible for paying the property taxes. "Josephine G. Hill" is typed on the name line, but "Security Federal Savings, McMinnville, Tn" was written on the address lines.

On the same day that the property was conveyed to Mrs. Hill, she and her husband executed a deed of trust to Security Federal to secure a debt. The deed of trust shows the grantors as William A. Hill and wife, Josephine G. Hill. Four attorneys testified at the trial. They agreed that the grantors of the deed of trust should have been Josephine G. Hill, and husband, William A. Hill, since it was Mrs. Hill's property. Three of the attorneys agreed that it was good practice and usual to require Mr. Hill to join in the deed of trust. The fourth attorney testified that, when the property is a residence, both spouses are usually required to sign a deed even if the property is only in the name of one spouse.

Michael Collier of Warren County Bank testified that the Tubbs property was a residence. He thought it was to be conveyed to both Mr. and Mrs. Hill, but the deed was drawn to Mrs. Hill only. This didn't bother him, since both Mr. and Mrs.

Hill signed the deed of trust and the promissory note it secured.

The usual practice in the register's office of Warren County is to index deeds as follows:

| Grantors | Index |
|---|---|
| John Doe & John Smith | Doe, John et al. |
| | Smith, John et al. |
| John & Mary Smith | Smith, John |
| | Mary |
| William A. Hill, et ux. | Hill, William A. et ux. |
| Josephine G. Hill | |
| Josephine G. Hill, et | Hill, Josephine G., et vir. |
| vir., William A. Hill | |

As a result of putting Mr. Hill as the first grantor and indicating that Mrs. Hill was his wife, the deed of trust was recorded only under "Hill, William A., et ux."

The register's office also maintains a daily log called the notebook. In doing a title search, it is usually consulted to check for recent deeds that have been submitted for recording but have not been indexed. The notebook for September 19, 1979, contains consecutive entries as follows:

| Hour | Grantor | Grantee |
|---|---|---|
| 3:35 p.m. | Johnie D. Tubb, et ux. | Josephine G. Hill |
| 3:36 p.m. | William A. Hill, et ux. | Security Federal Savings... |

In October, 1983, Mr. and Mrs. Hill executed a second deed of trust of the property to Security Federal. It was in the same form as the first deed of trust and was accordingly indexed only under "Hill, William A., et ux."

Mr. and Mrs. Hill filed the petition in bankruptcy commencing this case on January 17, 1985.

### Warren County Bank (FDIC) and The Charles Creek Property

In March, 1973, Thomas L. Pedigo and wife, Naomi Pedigo, conveyed to Josephine G. Hill a tract of land on McMinnville-Short Mountain Road in the first civil district of Warren County. The affidavit of value is signed "Mrs. Josephine G. Hill". The property is described as "Being on the waters of Charles Creek...." The deed was recorded in book 178 at page 315.

In August, 1978, Mr. and Mrs. Hill executed a deed of trust of the property to Warren County Bank. It was executed by William A. Hill and wife, Josephine G. Hill.

It was recorded in deed of trust book 180 at page 83. Following the usual practice, the deed of trust was probably indexed under "Hill, William A. et ux." but the index page is not in the record.

In September, 1979, Mr. and Mrs. Hill executed a warranty deed to the county apparently for a right of way to make road improvements. It was executed by Josephine G. Hill and husband, William A. Hill. It was recorded on September 14, 1979 and was indexed under "Hill, Josephine G. et vir". The deed describes the property as being in the first civil district and "Beginning at Josephine Hill's southeast property line with the north bank of Charles Creek...." On the second page the property is identified as being included under deeds recorded in book 177 at page 511 and in book 178 at page 315. The deed in book 178 at page 315 is the deed from the Pedigos to Mrs. Hill. Attached to the deed are two lien releases, one by Security Federal and one by Warren County Bank. The release by Warren County Bank refers to a deed of trust recorded in book 180 at page 83. This is the August, 1978 deed of trust of the Charles Creek property to Warren County Bank.

In October, 1980 and in December, 1981, Mr. and Mrs. Hill again executed deeds of trust of the Charles Creek property to Warren County Bank. The grantors under the deeds of trust were William A. Hill and wife Josephine G. Hill or Josephine Hill. The deeds of trust were recorded and were indexed under "Hill, William A. et ux".

### Title Searching

Four attorneys testified as to the proper method of doing a title search. Vanessa Henry of Tullahoma, Tennessee testified for the trustee in bankruptcy. She does 200 to 250 title searches per year. Most of this work is done in counties other than Warren County. She estimated that in seven years of practice she had done 50 title searches in Warren County.

She testified that, if she were simply given the deed from the Tubbs to Mrs. Hill, without special instructions or additional information, she would restrict her title search to conveyances indexed under Jo-

sephine Hill or Josephine G. Hill. She would not request additional information. She would not necessarily have noticed that William A. Hill signed the affidavit of value, and if she had, she would not have thought it was especially significant. Likewise, she would not necessarily have noticed that Security Federal was listed as being responsible for property taxes. If she had seen it, she would have looked for a deed of trust indexed under Mrs. Hill's name. She would not have gone back to the 1979 notebook in which the deed of trust from Mr. and Mrs. Hill to Security Federal was logged in one minute after the deed from the Tubbs to Mrs. Hill. The notebook is used to check for recent transfers that have not yet been indexed.

The right of way deed to the county was not in the chain of title since it was recorded before the deed from the Tubbs to Mrs. Hill was executed and recorded.

Mrs. Henry testified that, if she were given the husband's name before beginning a title search on property deeded to the wife, she might also search under the husband's name. Likewise, if she were told that the woman who was the grantee of the deed was married, she might ask for the husband's name. One financial institution for which she does title searches usually includes the spouse's name when it requests a search as to property deeded to a married individual.

As to the Pedigo-Charles Creek property, the right of way deed to the county was in the chain of title and would have been found even if the search was restricted to transfers indexed under Josephine Hill or Josephine G. Hill.

Richard McGregor, an attorney who practices in Warren County, testified for the defendants. He testified that whenever he is asked to do a title search of property deeded to one person, he asks his client if the person is or has been married before he begins his search. Whenever a woman is the grantee of a deed, he immediately wants to know if she is married. He has done title searching for FHA for about eight years; its transmittal form shows the name of the spouse and there is a space for

previous marriages. If the information isn't there, he asks for it. If he discovers during a title search that a woman has been married, contrary to his prior information, he will start over again. Doing a title search on property deeded to a woman is generally more work.

As to the deed from the Tubbs to Mrs. Hill, he would have inferred that the William A. Hill who signed the affidavit of value was Mrs. Hill's husband.

Robert W. Boyd, an attorney who practices in Warren County, also testified for the defendants. He has done a substantial amount of title searching in Warren County. He testified that the failure of the index to give either the wife's or the husband's full name in joint transfers creates more work, but everybody knows that's the way the index is. He tries to get all the information he can about the grantee before he begins a title search. He usually starts with the computerized tax bills. They may show both the husband's and the wife's names. He will search under both names from the beginning.

As to the deed from the Tubbs to Mrs. Hill, he would never have searched only under Mrs. Hill's name, especially since the affidavit of value was signed by William A. Hill and Security Federal was listed as responsible for the taxes.

Keith Smartt is an attorney who also practices in Warren County. He has done a substantial amount of title searching in Warren County. He testified that the right of way deed to the county and the releases would have alerted him to look for a deed of trust of the Charles Creek property, even if it was not indexed under Mrs. Hill's name.

### Discussion

█ The FDIC must prevail as to the Charles Creek property. The right of way deed to Warren County would have been found from a search only under Josephine Hill or Josephine G. Hill. The right of way deed would have led to the first deed of trust to Warren County Bank. The deed of trust would have given notice of the bank's lien and would have alerted the title search-

er to look for other transfers indexed under William A. Hill and wife. This should have led to the subsequent deeds of trust to the bank. Under the rule of inquiry notice, a subsequent purchaser or lienor would be on notice of the deeds of trust to the bank.

Inquiry notice as defined by the Tennessee courts is accurately described as follows:

One dealing with a title who becomes aware of facts or circumstances that would prompt a prudent person to inquire for an explanation, is charged with notice of all that a reasonable inquiry would disclose. The duty to inquire may be triggered by matters coming to the personal attention of the interested party, or record entries he should have searched, whether he did so or not. The duty to inquire extends even further and takes in information with which a diligent purchaser "ought to become acquainted," such as recitals in the chain of title, whether or not recorded.

T. Sewell, The Tennessee Recording System, 50 Tenn.L.Rev. 1, 46 (1982).

This rule clearly applies. Matters in the record in the chain of title should have led a diligent title searcher to find the deeds of trust to Warren County Bank.

■ As to Security Federal's deeds of trust, the question is more difficult, but the court reaches the same conclusion. The deeds of trust should have been found in a diligent title search.

The deed to Mrs. Hill showed on its face that the property tax bills were to be sent to Security Federal. This would indicate to a title searcher that Security Federal probably had a deed of trust executed and recorded the same day as the deed to Mrs. Hill.

A check of the index only under Mrs. Hill's name would not reveal any such deed of trust. A title searcher could stop at this point on the assumption that the deed of trust either does not exist or is not effective because it was not recorded or was not properly indexed. This conclusion, however, would put the title searcher and his client at great risk based on the title searcher's questionable legal opinions as to indexing and the requirements of a diligent title search. Compare *Maxwell & Stuart,* 99 Tenn. 409, 42 S.W. 34 (1897) and *Wilkins v. Reed,* 156 Tenn. 321, 300 S.W. 588 (1927), discussed in T. Sewell, The Tennessee Recording System, 50 Tenn.L.Rev. 1, 22, & 67 (1982).

■ When the records clearly indicate that a deed of trust probably exists, a title searcher cannot assume it doesn't exist or is ineffective simply because it was not indexed under the name of the record owner as it appears in the deed. This is especially true when there is a simple and easy next step that might uncover the deed of trust. In particular, a title searcher should have looked at the notebook for the day on which the deed to Mrs. Hill was submitted. The notebook would have revealed that one minute after the register's office received the deed to Mrs. Hill it received a deed of trust to Security Federal from William A. Hill and wife. The coincidences would have been too strong to ignore. The index would have to be checked under William A. Hill and wife for the first deed of trust and later deeds of trust. Thus, all of the deeds of trust to Security Federal would be found.

The court could add another coincidence. The name William A. Hill appeared in the deed to Mrs. Hill as the signature in the affidavit of value. The court believes that a title searcher should look at everything in a deed and note what may be important. In this case, the listing of Security Federal certainly could not be ignored. Mr. Hill's signature in the affidavit of value was less likely to be important, but was probably worth noting. The name of the person who signs the affidavit of value may be clearly unimportant in many cases, such as when the person indicates his or her capacity as attorney, real estate agent, etc. In any event, if the name William A. Hill had been noted from the deed, its appearance in the notebook would have been an added coincidence indicating that the deed of trust was probably executed by him and Mrs. Hill and indexed under his name.

The court also believes that a diligent title search must take account of how the indexing system operates in very common situations. A title searcher should know that (1) a person may be married when she acquires property in her name or may marry later and may convey the property jointly with her husband, (2) joint conveyances by a husband and wife may be indexed in Warren County only under the name of the first grantor followed by "et ux." or "et vir.", and (3) financial institutions often require that deeds of trust of residential property be executed by both spouses even though the property is deeded only to one. This also means that the title searcher should have some idea of the character of the property, whether it is residential, commercial, farmland, or something else.

It is not too much to ask that a diligent title search be conducted with regard to facts not necessarily found in the notebook, the index, or the recorded instruments. The index is not perfect and complete and probably was not intended to be. It cannot be treated as if it were. A diligent title searcher must use some common sense. This means doing the search with due regard to the facts of life and business and how the register's office operates. In other words, a diligent title search cannot be limited to the name of a woman who may have been married when or after the property was deeded to her.

This does not mean that an attorney doing a title search must do more than he or she is paid for. The client may be willing to pay only for a limited search. Such cases are probably rare. The attorney should have a clear written understanding in advance if the search is to be limited. The attorney in that case will have the usual problem of explaining the risks apparent from what was found and the added problem of explaining the risks that exist because of the limits on the title search. For the purposes of this case, however, the test of what will be found by a diligent title search does not contemplate a limited search.

What the court has said thus far applies to the trustee's rights as a bona fide pur-chaser under Bankruptcy Code § 544(a)(3). 11 U.S.C. § 544(a)(3). Under Tennessee law, his rights as a bona fide purchaser are inferior to the FDIC's and Security Federal's deeds of trust.

The trustee also has the rights of a creditor who perfected a judgment lien on the property when the debtors filed their bankruptcy petition. 11 U.S.C. § 544(a)(1). Actual notice or inquiry notice will be held against a bona fide purchaser, but under Tennessee law, an unregistered deed is ineffective against a judgment lien creditor of the grantor, even if it has actual prior notice of the unregistered deed. T. Sewell, The Tennessee Recording System, 50 Tenn. L.Rev. 1, 54–56 (1982). This rule has long been applied, but it makes no difference in this case since the deeds of trust were recorded. The trustee also cannot prevail as a judgment lien creditor.

The court expresses no opinion as to whether the use of et ux. and et vir. satisfies the state law requirements as to the indexing of joint conveyances. As a practical matter, the court suspects that the system is used out of tradition. Surely the register's office can accommodate the extra work of writing "Smith, John & Mary" or "Smith, Mary & John" rather than "Smith, John et ux." or "Mary, John et vir." A state court could later decide that the use of et ux. and et vir. does not satisfy the statutes. In such a case, if inquiry notice would not lead to the deed, the register could be liable for a mistake in indexing. The use of et ux. and et vir. imposes a risk that the register probably does not want to continue.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

### ORDER

In accordance with the court's memorandum opinion of this date, it is ordered that—

Judgment is granted the defendants holding that the liens created by the various deeds of trust in question cannot be avoided by the plaintiff, C. Kenneth Still,

Trustee, on the ground of improper indexing.